**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| NANCY COTTRELL,<br>Plaintiff,<br>v.<br>COMENITY BANK,<br>Defendants. | CIVIL ACTION<br>COMPLAINT 1:17-cv-00546<br>JURY TRIAL DEMANDED |

# COMPLAINT

NOW COMES the Plaintiff, NANCY COTTRELL, by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, COMENITY BANK, as follows:

## NATURE OF THE ACTION

1. This is an action brought by a consumer seeking redress for violation(s) of the Telephone Consumer Protection Act, 47 U.S.C. § 227 and Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505.

## JURISDICTION AND VENUE

2. Subject matter jurisdiction exists over the Telephone Consumer Protection Act claim(s) under 28 U.S.C. §§ 1331 and 1337.

3. Supplemental jurisdiction exists over the Illinois Consumer Fraud and Deceptive Business Practices Act claim(s) under 28 U.S.C. § 1367.

4. Venue is proper under 28 U.S.C. § 1391(b) as a substantial part of the events giving rise to the claims took place in the Northern District of Illinois.

## PARTIES

5. NANCY COTTRELL ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided at the property commonly known as 9330 South 76th Avenue, Hickory Hills, Illinois 60457.

6. COMENITY BANK ("Defendant") is the issuer of the Lane Bryant Credit Card. Defendant has a principal place of business located at 3100 Easton Square Place, Columbus, Ohio 43219.

## FACTUAL ALLEGATIONS

7. On or about December 1, 2013, Plaintiff received a Lane Bryant Credit Card through Defendant. Plaintiff is informed and believes that Defendant obtained Plaintiff's cellular telephone number of XXX-XXX-5230 from Plaintiff's credit application.

8. At all times relevant, Plaintiff was the sole operator, possessor and subscriber of the cellular telephone number of XXX-XXX-5230; and therefore, was personally financially responsible for the cellular telephone equipment and services.

9. On or about December 27, 2015, Defendant caused to be placed a call to Plaintiff's cellular telephone to attempt to collect on Plaintiff's Lane Bryant Credit Card. After a brief pause at the outset of the call, Plaintiff demanded that Defendant cease placing calls to her.

10. Notwithstanding Plaintiff's revocation of consent to receive calls from Defendant, Defendant caused to be placed no less than 7 calls to Plaintiff's cellular telephone between January 2, 2016 to January 20, 2016.

## DAMAGES

11. Defendant's acts and omissions have resulted in severe injury to Plaintiff. Specifically, Defendant's acts and omissions are the proximate causation of Plaintiff's damages, which include, but are not limited to:

    a. Diminished battery capacity;

    b. Diminished data space;

    c. Emotional distress (aggravation, frustration);

    d. Inconvenience;

    e. Increased usage of cellular services;

    f. Increased usage of electricity; and

    g. Mental anguish

## COUNT I - VIOLATION(S) OF THE TELEPHONE CONSUMER PROTECTION ACT

12. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

13. All calls placed to Plaintiff's cellular telephone utilized an automatic telephone dialing system, as defined by 47 U.S.C. § 227(a)(1).[1]

[1] An automatic telephone dialing system means equipment which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such number.

14. Plaintiff is informed and believes that all calls placed to Plaintiff's cellular telephone utilized a predictive dialer.[2] [3]

15. Plaintiff is informed and believes that the predictive dialer utilized by Defendant dials a list of telephone numbers and connects answered dials to agents.

16. All calls placed to Plaintiff's cellular telephone were not made for emergency purposes or placed with prior express consent of Plaintiff, as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

17. The foregoing acts and omissions of Defendant constitutes multiple and numerous violations of the Telephone Consumer Protection Act.

18. As provided above, Defendant's unfair acts and omissions resulted in severe injury to Plaintiff.

19. As a result of Defendant's violations of 47 U.S.C. 227, Plaintiff is entitled to receive $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

20. What is more, as a result of Defendant's *knowing and willful violations* of 47 U.S.C. 227, Plaintiff is entitled to receive $1,500.00 in treble damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiff requests the following relief:

a. find that Defendant violated 47 U.S.C. § 227;

---

[2] "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC*, 707 F.3d 1036, 1043 (9th Cir. 2012).

[3] "When evaluating the issue whether equipment is an automatic telephone dialing system, the statute's clear language mandates that the focus must be on whether the equipment has the *capacity* 'to store or produce telephone numbers to be called, using a random or sequential number generator.' Accordingly, a system need not actually, store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 (9th Cir. 2009).

b. award statutory damages of at least $500.00, and treble damages of $1,500.00, for each and every violation; and,

c. grant any other relief deemed appropriate and equitable.

## COUNT II - VIOLATION(S) OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT

21. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

22. Plaintiff is a "person" as defined by 815 ILCS § 505/1(c).

23. Plaintiff is a "consumer" as defined by 815 ILCS § 505/1(e).

24. Defendant is engaged in "commerce" as defined by 815 ILCS § 505/1(f).

25. It was immoral, oppressive, unethical, unfair and unscrupulous – and against public policy – for Defendant to cause to be placed no less than 7 calls to Plaintiff's cellular telephone notwithstanding Plaintiff's revocation of consent to receive cellular telephone calls from Defendant

26. Defendant's unfair actions violate public policy and shed light on an industry where business decisions are driven by profit, with complete disregard for consumers.

27. As provided above, Defendant's unfair acts and omissions resulted in severe injury to Plaintiff.

28. An award of punitive damages is appropriate as Defendant's unfair acts and omissions were outrageous, wanton and willful, and showed a conscious disregard and indifference for the rights of Plaintiff, and consumers generally.

WHEREFORE, Plaintiff requests the following relief:

a. find that Defendant's unfair acts and omissions violate the Illinois Consumer Fraud and Deceptive Business Practices Act;

b. award actual, and punitive damages, and costs of this action including expenses together with attorney's fees as determined by this Court; and

c. grant any other relief deemed appropriate and equitable.

**Plaintiff demands trial by jury.**

January 24, 2017

Respectfully submitted,

*/s/ Joseph Scott Davidson*

Joseph Scott Davidson
SULAIMAN LAW GROUP, LTD.
900 Jorie Boulevard
Suite 150
Oak Brook, Illinois 60523
+1 630-575-8181
jdavidson@sulaimanlaw.com

*Counsel for Nancy Cottrell*